## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER SCOTT DANGIM,

     Plaintiff,

v.                                                              Case No. 21-cv-0358 MV-KRS

STATE OF NEW MEXICO, *et al,*

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Christopher Scott Dangim's Amended *Pro Se* Civil Rights Complaint (Doc. 3) (Complaint).  Also before the Court are his motions directed at procedural matters such as the appointment of counsel and *in forma pauperis* relief (Docs. 5, 7-10, 14, 17-19).  Plaintiff is incarcerated and *pro se.*  He alleges that police officers stunned him with tasers because he is African American and that he was attacked in jail.  Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court finds that the Complaint fails to clarify who was personally involved in the wrongdoing.  The Court will dismiss the Complaint but grant leave to amend.

### I.      Background

The Complaint appears to raise three instances of wrongdoing stemming from Plaintiff's arrest and incarceration.  Count I relates to excessive force and equal protection violations.  *See* Doc. 3 at 2-3.  Plaintiff alleges that he was racially profiled in front of his house by several Caucasian officers.  *Id.*  The officers allegedly called Plaintiff the n-word while stunning him simultaneously with five tasers.  *Id.* Plaintiff contends that the force was applied because he is African American and that he did not commit a crime.  *Id.*  The Complaint alleges that the officers

were employed by the Rio Rancho Police Department, but it does not provide their names or a description. *Id.* at 1, 3.

Count II relates to cruel and unusual punishment at the Sandoval County Detention Center ("SCDC").  Plaintiff alleges that unnamed officers at SCDC jumped him.  *See* Doc. 3 at 3.  They purportedly stomped on Plaintiff's head and ribs, causing him to cough up blood.  *Id.*  The Complaint also alleges that he was burned while at SCDC, but the details are difficult to discern. *Id.*  Count III raises claims for cruel and unusual punishment stemming from injuries at the Los Lunas Correctional Facility ("LLCF").  *See* Doc. 3 at 3-4.  Plaintiff alleges that someone tripped him while he was walking down a flight of stairs in handcuffs, and that he injured his back.  *Id.*  He further alleges that doctors administered injections by force, someone jumped him, and inmates/guards are putting items in his food.  *Id.*

The Complaint seeks over $50 billion in damages from the Rio Rancho Police Department, Sandoval Sheriff Deputies Ecky and Concourse, the Las Vegas Psychiatric Center, LLCF, and the Parole Division of New Mexico.  *See* Doc. 3 at 1-2.  After filing the Complaint, Plaintiff submitted nine motions directed at procedural matters.  *See* Docs. 5, 7-10, 14, 17-19.  The Court will address the procedural motions before screening the Complaint.

## II.    Plaintiff's Procedural Motions Will be Granted in Part and Denied in Part.

As an initial matter, Plaintiff moves to proceed *in forma pauperis* (Doc. 5).  The Court will grant that motion (Doc. 5), as Plaintiff's financial statement reflects that he cannot prepay the filing fee.  Ordinarily, courts assess an initial partial payment equal to 20% of an inmate's deposits or average balance for the six-month period preceding the civil action.  *See* 28 U.S.C. § 1915(b). Plaintiff received no income during the six-month period and had a balance of $.05 when he filed

the case.  *See* Doc. 3 at 8-9.  The Court therefore will waive the initial payment, but Plaintiff is reminded that the filing fee must be paid at a later time.

As to Plaintiff's requests for counsel, "[c]ourts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016).  This decision is a matter of discretion.  *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).  Relevant factors include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397.  Considering these factors, the Court will not ask a local attorney to represent Plaintiff on a *pro bono* basis at this time.  The case has not yet survived screening.  The issues – while serious – are not unusually complex.  According, the Motions to Appoint Counsel (Docs. 8, 9) are denied without prejudice.

Having reviewed the remaining procedural motions, no relief is available at this time. Plaintiff filed motions seeking:

(a) A speedy trial (Doc. 7)

(b) A jury trial (Doc. 19)

(c) Issuance of a summons and service of the Complaint (Docs. 10, 18)

(d) Discovery (Doc. 17); and

(e) Expedited relief (Doc. 14).

Such requests are premature because, as discussed below, Plaintiff has not yet identified the individual wrongdoers.  The Court will therefore deny Plaintiff's remaining procedural motions (Docs. 7, 10, 14, 17, 18, and 19) without prejudice.  If Plaintiff seeks a jury trial, he should specify that in his amended complaint.

III.     **Standards Governing Initial Review**

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints.  The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).  The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements."  *Id.*  Moreover, if a *pro se* inmate complaint fails to state a claim on initial screening, courts should generally grant leave to amend unless amendment would be futile.  *Id.*

IV.     **Discussion**

Plaintiff's constitutional claims must be analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights."  *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016).  "A cause of action under section 1983 requires

the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000).  The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution.  *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998).  There must also be a connection between the official conduct and the constitutional violation.  *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Plaintiff's factual allegations – that police officers stunned him with tasers due to race and that he was repeatedly attacked in prison – are serious.  These allegations would ordinarily survive initial review.  However, it does not appear that any named Defendants were personally involved in the alleged wrongdoing.[1]  The only allegations citing individual wrongdoers concern Sheriff Deputies Ecky and Concourse.  Plaintiff contends "Ecky, J. Concourse[,] and I was burned in my cell," and that the deputies called Plaintiff the n-word.  Doc. 3 at 2-3.  As to the injury, it is unclear whether Ecky and Concourse were present and failed to prevent harm or whether they participated in an attack.  Their use of a racial slur "is deplorable and unprofessional," but it does not rise to the level of a constitutional violation.  *See Williams v. Levansailor*, 153 F.3d 730, *1 (10th Cir. 1998) (collecting cases finding verbal abuse alone is not actionable) (unpublished).

The addition of the Rio Rancho Police Department is also insufficient to bring any Defendant into the case as to the use of tasers.  Police departments "are not suable entities under § 1983, because they lack legal identities apart from the municipality." *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381 (10th Cir. 1992) (unpublished) (police departments "are not suable

---

[1] The Defendants include Rio Rancho Police Department, Sandoval Sheriff Deputies Ecky and Concourse, the Las Vegas Psychiatric Center, LLCF, and the Parole Division of New Mexico.

entities under § 1983, because they lack legal identities apart from the municipality"); *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 n.1 (10th Cir. 2002) (unpublished) (same).  For these reasons, and because none of the remaining Defendants have a connection to the alleged wrongdoing, the Court will dismiss the Complaint (Doc. 3) without prejudice for failure to state a constitutional claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6).

The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990).  Accordingly, the Court will permit Plaintiff to amend his complaint within sixty (60) days of entry of this Order.  When drafting an amendment, Plaintiff must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her...." *VanZandt v. Oklahoma Dep't of Human Servs.*, 276 F. App'x. 843, 847 (10th Cir. 2008) (quotations omitted). If Plaintiff does not know the name of the attacking officers, he may use "unnamed defendants so long as [he] provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996).  Including the date and time of the arrest is typically helpful, along with a description of the arresting officers, if possible.  Plaintiff must also sue the City of Rio Rancho, rather than the Rio Rancho Police Department, if he wishes to pursue a municipal liability claim.  *See Ketchum*, 958 F.2d at 381; *Henry*, 49 F. App'x at 273 n.1.  For claims stemming from attacks in prison, Plaintiff should name the prison employee(s) who either participated in the attack or knew about the risk of harm and consciously disregarded that risk.  "To show … deliberate indifference," a plaintiff "must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, by

failing to take reasonable measures to abate it." *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (quotations omitted).

Plaintiff is further advised that § 1983 does not allow claims against supervisors or entities under a theory of respondeat superior liability. *See Cox v. Glanz*, 800 F.3d 1231, 1248 n.9 (10th Cir. 2015). A § 1983 plaintiff can only impose liability upon supervisors or entity defendants that promulgate a policy that causes the constitutional deprivation. *Id.* at 1248 (addressing supervisors); *see also Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (applying the rule to entity defendants). The same is true with respect to local-government entities such as the City of Rio Rancho. To sue the city, Plaintiff must allege that an existing municipal custom or policy caused the excessive force. *See Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996).

If Plaintiff declines to timely file an amended complaint or files another complaint that fails to state a cognizable claim, the Court may dismiss this action with prejudice and without further notice.

**IT IS ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (**Doc. 5**) is **GRANTED**; and the initial partial filing fee is **WAIVED**.

**IT IS FURTHER ORDERED** that all other procedural motions (**Docs. 7, 8, 9, 10, 14, 17, 18, and 19**) are **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that Plaintiff's Amended Prisoner Civil Rights Complaint (**Doc. 3**) is **DISMISSED without prejudice** for failure to state a cognizable claim under 28 U.S.C. § 1915(e); and Plaintiff may file an amended complaint **within 60 days** of entry of this Order.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE

7