# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER SCOTT DANGIM,

    Plaintiff,

v.                                                                               Case No. 21-cv-0358 MV-KRS

STATE OF NEW MEXICO, *et al,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court following Plaintiff Christopher Scott Dangim's failure to file an amended complaint as directed. He is incarcerated, *pro se*, and proceeding *in forma pauperis*. The prior Complaint (Doc. 3) raises three Counts stemming from Plaintiff's arrest and incarceration. In Count 1, Plaintiff alleges that unspecified police officers stunned Plaintiff with tasers because he is African American. *See* Doc. 3 at 2-3. Plaintiff alleges that he did not commit a crime and that the Caucasian officers used the n-word. *Id.* The prior Complaint alleges that the officers were employed by the Rio Rancho Police Department, but it does not provide their names or a description. *Id.* at 1, 3.

    Count II relates to cruel and unusual punishment at the Sandoval County Detention Center (SCDC). *See* Doc. 3 at 3. Plaintiff alleges that unnamed officers at SCDC stomped on his head and ribs, causing him to cough up blood, and that Plaintiff sustained burns at the facility. *Id.* Count III raises claims stemming from injuries at the Los Lunas Correctional Facility (LLCF). *See* Doc. 3 at 3-4. Plaintiff alleges that someone tripped him while he was walking down a flight of stairs in handcuffs, doctors administered injections by force, someone jumped him, and inmates/guards are putting items in his food. *Id.* The Complaint seeks over $50 billion in damages from the Rio

Rancho Police Department, Sandoval Sheriff Deputies Ecky and Concourse, the Las Vegas Psychiatric Center, LLCF, and the Parole Division of New Mexico. *See* Doc. 3 at 1-2.

By a ruling entered February 17, 2022, the Court screened the prior Complaint and determined that it fails to state a cognizable claim. *See* Doc. 20 (Screening Ruling); *see also* 28 U.S.C. § 1915(e) (requiring *sua sponte* screening of *in forma pauperis* complaints). The Screening Ruling noted Plaintiff's factual allegations – that police officers stunned him with tasers due to race, and that he was repeatedly attacked in prison – would ordinarily survive initial review. However, to state a claim under 42 U.S.C. § 1983, the plaintiff must name a "person" who has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). The prior Complaint did not demonstrate that the named Defendants were personally involved in the alleged wrongdoing. The Court therefore dismissed the prior Complaint without prejudice for failure to state a cognizable claim.

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* permitted Plaintiff to amend his claims within thirty (60) days of entry of the Screening Ruling. The ruling contains information on how to provide a description of the attacking officers, how to state a municipal liability claim against the city, and how to state a claim for deliberate indifference to health and safety. Plaintiff was warned that the failure to timely amend may result in the dismissal of this case. The deadline to comply was April 18, 2022. Plaintiff did not amend his complaint or otherwise respond to the Screening Ruling. The Court will therefore dismiss this action pursuant to Rule 41 of the Federal Rules of Civil Procedure for "failure to prosecute [and] comply with the … court's orders." *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). This dismissal is without prejudice and will not count as a strike for purposes of the three-strike

rule in 28 U.S.C. § 1915(g).

**IT IS ORDERED** that this action, including Plaintiff's Amended Prisoner Civil Rights Complaint (**Doc. 3**), is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE